# LEONCIA ORTIZ, Plff.,

*v.*

# BULL INSULAR LINE, Dft.

San Juan, Law, No. 1122.

ON DEMURRER TO THE COMPLAINT.

Allegations of Complaint—Demurrer—Matter of Proof.

    1. A complaint which alleges that the plaintiff is the heir at law of the decedent is not demurrable because it fails to state how he became the heir, as this is matter of proof.

Allegations of Complaint—Demurrer—Principal and Agent.

    2. A complaint is not demurrable which alleges that the plaintiff's injuries were caused by the defendant's negligence when as a matter of fact the injuries were caused by one of the defendant's agents, as under § 1804 of the Civil Code a principal is liable for the acts of his agent done in carrying on the principal's business.

Opinion filed May 18, 1916.

Mr. H. R. Francis for plaintiff.

Mr. F. H. Dexter for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon demurrer to the complaint. The demurrer sets up two grounds: First, that it does not appear from the complaint that the plaintiff is a duly declared heir of Maximino Ortiz under the special proceedings of 1905.

Ortiz v. Bull Insular Line.

The complaint in paragraph 1 says that the plaintiff is of age, and is the mother and only heir of Maximino Ortiz, deceased. The question therefore is whether the complaint has to allege the special proceedings by which one is declared heir, or can it simply allege heirship, and leave the matter of how one has been declared heir to be proved at the trial. I think the latter is the law. If the complaint did not allege that she was the heir, that would be a defect, but, having alleged that she is the heir, it is incumbent upon her at the trial to prove, in whatever may be the proper way, that she is the heir. It may very well be that she will have to prove it under these special proceedings, but that is not necessary to decide at present. But, at all events, the view of the court is that it is not a matter of pleading, but a matter of proof.

The second ground of demurrer is that the plaintiff alleges the injuries were caused by the failure of the defendant properly to direct the unloading, and upon the argument it is explained that this second ground means that the agent is not shown to have done any act or to have been guilty of omitting to do what he should have done. I do not think this comes under § 1627 of the Civil Code as cited. That relates to contracts, on its face. I think it comes under § 1804 of the Civil Code, this being a proceeding under the local law, and not under the Federal Liability Statute. The local law, and perhaps the general law, is that a person is liable under § 1803 for both acts and omissions. And § 1804 goes on to say in one of the subdivisions that this liability extends to principals when it relates to carrying on a business, an impresa. The occupation of unloading a steamship, especially by a regular steamship line, would seem to be a business; so that both acts

and omissions of the agents would be visited under § 1804 upon the principal, which is for the purposes of this case the Bull Insular line.

So that it does not appear that either ground is well taken, and I overrule the demurrer.